**IN THE UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

APOSTOLIC TEMPLE

PLAINTIFF,

vs.                                                         CIVIL ACTION NO. 4:19-cv-3395
                                                            JUDGE_____

BROTHERHOOD MUTUAL
INSURANCE COMPANY,

DEFENDANT.

**PLAINTIFF'S ORIGINAL COMPLAINT**
**JURY TRIAL DEMANDED**

**COME NOW, APOSTOLIC TEMPLE** (hereinafter, referred to as Plaintiff), and file this, their **Original Complaint**, and for causes of action against BROTHERHOOD MUTUAL INSURANCE COMPANY ("BROTHERHOOD") (hereinafter, referred to as "Defendant"), would show unto the Court and the jury the following:

**PARTIES AND SERVICE OF PROCESS**

1.      Plaintiff **APOSTOIC TEMPLE** owns the properties located at 2630 Allen Genoa, Pasadena, Texas 77502 that is the subject of this lawsuit and is situated in Harris County, Texas.

2.      Defendant, BROTHERHOOD MUTUAL INSURANCE COMPANY is a foreign insurance company registered to engage in the business of insurance in the State of Texas.  Brotherhood Mutual Insurance Company is domiciled in the State of Indiana. This Defendant may be served with personal service by a process server, by serving its Attorney for Service, Cogency Global, Inc., 1601 Elm St., Suite 4360, Dallas, Texas 75201.

1

## STATUTORY AUTHORITY

3.     This suit also brought in part, under the Texas Insurance Code, Sections 541.051 *et seq.,* 541.151 *et seq.*, 542.051 *et se.,* and Tex. Civ. & Rem. Code Section 38.01 *et seq.*

## JURISDICTION

4.     This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5.     This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the properties that is the subject of this action.

## NOTICE AND CONDITIONS PRECEDENT

6.     Defendant has been provided written notice of the claims made by Plaintiff in this complaint, including a statement of Plaintiffs' actual damages and expenses in the manner and form required by Tex. Ins. Code § 542A.003.[1]

7.     All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

## FACTS

8.     This lawsuit arises out of the following transactions, acts, omissions, and/or events. Hurricane Harvey struck South Texas on August 25, 2017 over several days and caused catastrophic damage throughout the region. On or about August 26,

---

[1] Tex. Ins. Code 542A.003 requires pre-suit notice not later than the 61st day before an action is filed, unless notice is impracticable because there is insufficient time to give pre-suit notice before the limitations period will expire.  Plaintiff has provided pre-suit notice within the parameters pursuant to 542A.003(d).

2

2017, Plaintiff's properties sustained damages as a result of Hurricane Harvey winds over multiple consecutive days.

9.   Plaintiff submitted a claim to Defendant, BROTHERHOOD, pursuant to the contract of insurance, for damages to the properties as a result of Hurricane Harvey and asked Defendant BROTHERHOOD to honor its contractual obligations and cover the cost of repairs to the properties.

10.   Defendant, BROTHERHOOD, accepted the Plaintiff's claim and assigned a claim number of 546979.

11.   Defendant, BROTHERHOOD assigned Syndicate Claims Services, Inc. to investigate and evaluate the claim. Syndicate Claims Services, Inc. then assigned adjuster Brandon Stevens, to inspect, investigate and evaluate the claim, assess the damages to the properties, and communicate with the Plaintiff as to coverage under the policy.

12.   Plaintiff then hired Stevephen Lott of Integrity Claims Services, LLC to inspect the properties for damages from Hurricane Harvey, properly investigate and evaluate the claim and communicate with Defendant and its representatives regarding the claim.

13.   Brandon Stevens performed an inspection of the subject insured properties and provided an estimate of the damages. Mr. Stevens completed four estimates.  He estimated the covered damages at replacement cost values of $114,275.77 for the Sunday School Buildings, $221,865.69 for the Gym, $311,084.10 for the Church and $50,447.44 for the Daycare, the estimates misrepresented the value of Plaintiff's total loss.

14.   Even though the properties had sustained extensive damages from the storm, Stevens ignored wind created damages to the properties.  Stevens completed a results oriented, unreasonable inspection, failed to document all the covered wind

3

damages to the properties, ignored facts supporting coverage and improperly denied Plaintiff's damages.

15. Plaintiff did not agree with Mr. Stevens' assessment of the damages to its properties.

16. Stevephen Lott determined that Plaintiff's properties damages were grossly undervalued by Mr. Stevens and BROTHERHOOD. After inspecting the properties, Mr. Lott determined that there was wind damage to the roof and water damage that entered through wind created openings.

17. Plaintiff contacted BROTHERHOOD to discuss their disagreement with the coverage determination made by Stevens.

18. Plaintiff then retained Platinum Environmental Solutions, LLC to investigate and evaluate the damages. Platinum Environmental Solutions, LLC then assigned Christopher Felan, M.S., to perform a visual inspection of the properties.

19. Mr. Felan concluded in his March 5, 2018 mold assessment report on the properties that he found "that the hallway, toddler, 2nd grade RM, kindergarten room, infant room and junk room area air quality, as it relates to airborne fungi, was not within recommended guidelines" as a result of water intrusion following Hurricane Harvey. Mr. Felan recommended cleaning and remediation.

20. Plaintiff then retained Kelly Spence of Tremaine Enterprises to inspect the properties and assist in determining the extent of damage to the properties. Ms. Spence inspected the properties with Plaintiff. Ms. Spence provided estimates of damages based her inspection of the properties in the amount of $527,074.68 for the church, $228,106.28 for the school, $166,713.35 for the daycare, and $352,098.30 for the gym, for a total of damages in the amount of $1,273,992.61.

21. Defendant, BROTHERHOOD relied upon Mr. Stevens' inaccurate and unreasonable report to deny the Plaintiff's damages. Furthermore, Defendant, BROTHERHOOD failed to accept or deny coverage for the remaining damages in writing within the statutory deadline.

22. Based on the improper, inadequate, and incomplete investigation of BROTHERHOOD, and its representatives, the Plaintiff's damages were only estimated at $502,138.24.

23. To date Plaintiff has yet to receive full payment on their Hurricane Harvey claim.

24. Defendant, BROTHERHOOD ignored the information provided by the Plaintiff and its public adjuster. Instead, Defendant, BROTHERHOOD chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiff's claim.

25. Defendant, BROTHERHOOD failed to perform its contractual obligation to compensate Plaintiff under the terms of the Policy.

## CAUSES OF ACTION AGAINST DEFENDANT, BROTHERHOOD - COUNT I - BREACH OF CONTRACT

26. Each of the foregoing paragraphs is incorporated by reference in the following.

27. Plaintiff and Defendant BROTHERHOOD executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at. The policy provides coverage for the peril of wind, hurricane and rain, such as those sustained during Hurricane Harvey, among other perils.

28. All damages and loss to the Plaintiff's properties were caused by the direct result of a peril for which Defendant BROTHERHOOD insured the Plaintiff, pursuant to the policy herein, specifically, the perils of hurricane, wind, and rain.

29. Defendant, BROTHERHOOD sold the subject insurance policy to Plaintiff insuring the subject insured properties in its "as is" condition.

30. Plaintiff suffered a significant loss with respect to the properties at issue and additional expenses as a result of the high winds and rain that occurred during Hurricane Harvey.

31. Plaintiff submitted a claim to Defendant, BROTHERHOOD pursuant to the contract of insurance for damages as a result of high winds and rain that occurred during Hurricane Harvey.

32. Plaintiff provided Defendant, BROTHERHOOD, with proper notice of damage to the exterior and interior of the subject insured properties.

33. Defendant, BROTHERHOOD ignored the information provided by the public adjuster and other information provided by Plaintiff that supported coverage of Plaintiff's damage and chose to rely solely on its own consultants.

34. BROTHERHOOD by and through its adjusters and representatives have failed to properly evaluate the damages resulting from the covered cause of loss.

35. BROTHERHOOD by and through its adjusters and representatives failed to retain the appropriate experts and/or consultants to evaluate the hurricane winds and water damages to the subject properties.

36. As of this date, BROTHERHOOD by and through its adjusters and representatives have failed to pay for the hurricane winds and water damages to Plaintiff's properties.

37. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the insurance policy.

38. Defendant, BROTHERHOOD, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

39. Defendant, BROTHERHOOD has failed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

40. As of this date Defendant, BROTHERHOOD continues to be in breach of the contract.

41. BROTHERHOOD ignored the information provided by Plaintiff and their public adjuster during the handling of the claim and did not make any payment to indemnify Plaintiff for the full amount of the covered damages.

42. BROTHERHOOD failed to make any payment after receipt of the additional information from Plaintiff and its public adjuster.

43. The mishandling of Plaintiff's claim caused a delay in Plaintiff's ability to fully repair the Properties, resulting in additional damages.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR OR DECEPTIVE PRACTICES ACT

44. Each of the foregoing paragraphs is incorporated by reference in the following.

45. Defendant BROTHERHOOD is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. Defendant's conduct constitutes multiple violations of the Texas Unfair or Deceptive Practices Act.

1. Misrepresenting a material fact or policy provision relating to coverage at issue;

   a. Making an untrue statement of material fact. BROTHERHOOD through its agents, employees, or consultants prepared an estimate of damages that was misleading as to the value of damages to the subject properties stating the total damages were $502,138.24.

   b. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made. BROTHERHOOD through its agents, employees, or consultants failed to advise Plaintiff that it failed to perform proper testing of the buildings and properties in order to more accurately investigate and evaluate the damages resulting from the covered perils of hurricane, wind and rain.

   c. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. BROTHERHOOD through its agents, employees, or consultants advised Plaintiff and its public adjuster that it had investigated and evaluated the damages to the subject properties resulting from the August 26, 2017 hurricane and concluded its coverage determination,

    thereby misleading the Plaintiff to conclude that a proper and complete investigation had been performed.

2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear.  BROTHERHOOD failed to consider reports provided by Plaintiff's and failed to utilize information in the reports that would support coverage of Plaintiff's damages.

3. Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim. To date, Defendant has failed to provide a reasonable explanation of the basis of its denial of coverage for all of Plaintiff's damages.

4. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. BROTHERHOOD through its agents, employees, or consultants failed to request its employees, agents, or consultants to perform proper testing of the buildings at the subject insured properties in order to properly evaluate the extent and value of damages resulting from the Hurricane Harvey event of August 26, 2017.

46. Defendant's unfair settlement practice in failing to conduct a proper and thorough evaluation, failing to perform adequate testing of the buildings to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the buildings and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate resulted in

Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

### COUNT III – VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT

47. Each of the foregoing paragraphs is incorporated by reference here fully.

48. Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act - Tex. Ins. Code Chapter 542.  All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

49. Specifically, Defendant failed to accept or reject Plaintiff's claim within the time period or notify the Plaintiff why it needed more time, as required by Tex. Ins. Code 542.056.

50. Defendant failed to timely conduct a proper investigation of the damages to the subject properties resulting from a covered peril. resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

51. Defendant's failure to give adequate consideration to the information provided by Plaintiff's public adjuster, which made liability reasonably clear, resulted in additional delay of payment of the claim after having sufficient information to make payment for such claim.

52. BROTHERHOOD ignored the information provided by Plaintiff and Plaintiff's public adjuster during the handling of the claim and did not make a payment.

53. BROTHERHOOD, upon receipt of the Kelly Spence estimate from Plaintiff, had sufficient information to make full payment to Plaintiff for the damages, but as of this date has failed to do so.

## COUNT IV - BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

54. Each of the foregoing paragraphs is incorporated by reference here fully.

55. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract and in direct contradiction of the applicable industry standards of good faith and fair dealing.

56. Defendant failed to conduct a proper and thorough evaluation, failing to perform adequate testing of the buildings to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the buildings and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate.

57. Defendant's failure, as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

58. BROTHERHOOD ignored the information provided by Plaintiff's public adjuster during the handling of the claim and did not make any payment.

59. BROTHERHOOD failed to make any payment after receipt of the additional information from the public adjuster and Kelly Spence, when BROTHERHOOD knew or should have known liability was reasonably clear.

## COUNT V – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

60. Each of the foregoing paragraphs is incorporated by reference here fully.

61. At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendant, BROTHERHOOD and the products and services form the basis of this action.

62. Defendant BROTHERHOOD has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

   a. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendant BROTHERHOOD took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapters 541 and 542 of the Texas Insurance Code;

   b. Generally engaging in unconscionable courses of action while handling the claim; and/or

   c. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

## KNOWLEDGE AND INTENT

63. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DAMAGES AND PRAYER

64. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complains of Defendant BROTHERHOOD' acts and omissions and pray that, Defendant

be cited to appear and answer and that upon a final trial on the merits, Plaintiff recover from Defendant the following:

65. Plaintiff would show that the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

66. For breach of contract by Defendant, BROTHERHOOD, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of the claims, together with attorney's fees, pursuant to Tex. Civ. & Rem. Code Sec. 38.001 *et seq*.

67. For noncompliance with the Texas Unfair or Deceptive Practices Act by Defendant, BROTHERHOOD, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks **for three (3) times** its actual damages, pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

68. For noncompliance with the Texas Prompt Payment of Claims Act by Defendant, BROTHERHOOD, Plaintiff is entitled to the amount of their claim, as well as ten (10) percent interest per annum post judgment interest, together with reasonable and necessary attorney's fees, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, pursuant to Tex. Ins. Code Sec. 542.058 *et seq*. and 542.060 *et seq*.

69. For violations of the common law duty of good faith and fair dealing by Defendant, BROTHERHOOD, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

70. For noncompliance with the Texas Deceptive Trade Practices Act ("DTPA") by Defendant, BROTHERHOOD, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages and mental anguish damages, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** their damages, pursuant to the DTPA and Tex. Ins. Code Ann. Section 541.152 *et seq*.

## JURY DEMAND

71. Plaintiff respectfully demands a **trial by jury**.

> Respectfully submitted,
>
> **PANDIT LAW FIRM, L.L.C.**
>
> BY: /s/ *Phillip N. Sanov*
> **PHILLIP N. SANOV, Bar No. 17635950**
> **CARLA R. DELPIT, Bar No. 2248226**
> **One Galleria Tower**
> **2700 Post Oak Blvd., 21st Floor**
> **Houston, Texas 77056**
> **Telephone:   (832) 583-5663**
> **Facsimile:    (504) 313-3820**
> **Email: psanov@panditlaw.com**
> **           cdelpit@panditlaw.com**
>
> **ATTORNEYS FOR PLAINTIFF**
> **APOSTOLIC TEMPLE**